UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

FCA Associates and FCA Associates, LLC,

                    Plaintiffs

                                              03-CV-6083(T)

        v.                                    **DECISION
                                              And ORDER**

Texaco, Inc. and Texaco Refining and
Marketing, Inc.


                    Defendants.
_____
_____

Texaco, Inc. and Texaco Refining and
Marketing, Inc.,

          Third-Party Plaintiffs,

          v.

Richard Cohen and Shell Oil Company,
Fred Zambito, Joseph D'Amico,
Charles S. Leone, Joseph Panzarella,
Rosario Morreale and Metro Tire,

          Third-Party Defendants.

_____

     In a motion dated July 25, 2005, the defendants and third-party plaintiffs, Texaco, Inc., and Texaco Refining and Marketing, Inc. ("Texaco") moved for an order pursuant to Rule 54(b) of the Federal Rules of Civil Procedure for certification that there is no just reason for delay for an entry of final judgment upon the claims asserted in Texaco's third-party complaint against third-party defendants, Richard Cohen and Shell Oil Company.

BACKGROUND

In a decision dated March 31, 2005, I made certain specific determinations which are relevant to this motion. First, I denied Texaco's motion for summary judgment which requested a finding as a matter of law that the plaintiffs, FCA Associates and FCA Associates, LLC, are "at fault" as dischargers, and thus precluded from bringing their claims against Texaco pursuant to New York Navigation Law § 181(1).  For the reasons stated in this Court's decision, Texaco's motion was denied since plaintiffs were not found to be "at fault" dischargers within the definition provided in the applicable Navigation Law and case law. See N.Y. Nav. Law § 181 (1) (McKinney 2004); White v. Long, 85 N.Y.2d 564 (N.Y. 1995). I also granted FCA and Shell's motion to dismiss the Texaco defendants' third party claims against third party defendants Shell and Cohen. Texaco's current motion for an entry of final judgment pursuant to Rule 54(b) only relates to my dismissal of Texaco's third party claims against third-party defendants Shell and Cohen.

DISCUSSION

An exception to the concept that a final judgment is proper only after all claims have been adjudicated is found in the language of Rule 54(b)which "empowers the district court to enter a final judgment on fewer than all of the claims in the action, but only upon express determination that there is no just reason for the delay." Fed. R. Civ. P. 54(b); Harriscom Svenska AB v. Harris Corp. 947 F.2d 627, 629(2d Cir. 1991). However, certification under 54(b) is given at the court's discretion and should be granted only

if there are "interests of sound judicial administration and inefficiency to be served." Harriscom, 947 F.2d at 629. In addition, "mere recitation of the language of the rule that 'there is no just reason for delay' is insufficient to certify a claim under Rule 54(b)." Hudson River Sloop Clearwater, Inc., v. Department of the Navy, 891 F.2d 414, 419 (2d Cir.1989).

Here, Texaco's motion for certification of an interlocutory appeal is not only untimely, but unpersuasive.  This is so because Texaco has merely recited the language of the rule in its motion papers and has not provided a sound basis for this court to grant a Rule 54(b)certification.  The criteria for granting the certification is clearly articulated in Harriscom, supra, and is not cured by the lack of opposition to its request by the other remaining parties. See Harrison Svenska AB v.  Harris Corporation, 947 F.2d 627 (2d Cir. 1991).

CONCLUSION

Based upon the lack of an adequate justification, Texaco's motion is denied.

ALL OF THE ABOVE IS SO ORDERED.

S/Michael A. Telesca

_____

MICHAEL A. TELESCA
United States District Judge

DATED:    Rochester, New York
          December 28, 2005